CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 1 5 2006

JOHN F. CORCORAN, CLERK
BY:
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KENNETH LEE BRADLEY, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:06cv00478 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BLUE RIDGE REGIONAL JAIL, | ) | By: Samuel G. Wilson |
|     Defendant. | ) | United States District Judge |

Plaintiff Kenneth Lee Bradley, an inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Bradley alleges that on September 6, 2005, his parole was revoked. However, he was sentenced only to time served and should have been immediately released. Nonetheless, Bradley remains incarcerated, and now seeks an immediate and unconditional release from prison and unspecified damages. Upon consideration of Bradley's petition, the court finds that his claims must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## I.

A § 1983 action is not the proper vehicle to challenge the fact and/or length of confinement. Presier v. Rodriguez, 411 U.S. 475, 484 (1973)(holding that challenges to the validity of confinement or the particulars of its duration are properly raised in a habeas corpus action). In this case, Bradley specifically challenges the validity of his current confinement and seeks an immediately release from prison. Because his success on such a claim would necessarily result in his speedier release, such a claim cannot be brought under § 1983 and, therefore, must be dismissed. See Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)(finding that a claim challenging state procedures in denying parole could be brought under § 1983, as if successful on his claims, the plaintiff would be entitled to, at most, a new parole hearing).

## II.

Likewise, Bradley's suit for damages must also be dismissed. In order to recover damages for unlawful confinement, a plaintiff must demonstrate that his current confinement was either declared invalid by a state tribunal authorized to make such a determination or called into question by a federal court's issuance of a § 2254. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). As Bradley has not established that his confinement has been declared invalid by a state tribunal nor that a § 2254 writ has been issued, the court finds this claim must be dismissed.

## III.

For the stated reasons, the court dismisses Bradley's complaint.

**ENTER**: This 16th day of August, 2006.

_____
UNITED STATES DISTRICT JUDGE